Entered on Docket
September 14, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes
the order of the court. Signed September 11, 2015

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>LUCIO CHAGOLLA and MARIA D. HERNANDEZ MURUETA,<br><br>       Debtors. | Case No. 08-57523 SLJ<br>Ch. 13 |
| LUCIO CHAGOLLA and MARIA CHAGOLLA,<br><br>       Plaintiffs,<br><br>v.<br><br>JP MORGAN CHASE BANK, N.A.,<br><br>       Defendant. | A.P. No. 15-5049 SLJ |

**ORDER DENYING APPLICATION FOR ENTRY OF JUDGMENT VOIDING LIEN**

    Plaintiffs Lucio and Maria Chagolla ("Plaintiffs" or "Debtors") filed an Application for Entry of Judgment Voiding Lien ("Application"), seeking a default judgment voiding the lien of

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-1-

JPMorgan Chase Bank ("Chase" or "Defendant"). Chase did not respond to the Application and did not appear in this adversary proceeding. Debtors requested the same relief sought in this adversary proceeding in a motion they filed in the main case. The court denied that motion and Debtors appealed that order. Under the circumstances, the court does not have the authority to enter another order on the same set of facts and law.

I. **FACTUAL BACKGROUND**[1]

Debtors commenced the underlying bankruptcy case on December 23, 2008, by filing a petition under Chapter 13 of the Bankruptcy Code.[2] Debtors filed their bankruptcy schedules on December 23, 2008, reflecting ownership of their residence at 336 Gross Avenue, Santa Cruz, California ("Property"), and attributing a value of $550,000 to it. According to the proofs of claim filed in the case, the Property is encumbered by a senior deed of trust in favor of Nationstar Mortgage LLC ("Nationstar") for $628,804, and a junior deed of trust in favor of Chase for $130,686. The chapter 13 plan ("Plan") provided for the following: (1) $0 to unsecured creditors; (2) the filing of an adversary proceeding to avoid the junior lien of Chase under § 506(a) within 90 days of the petition date; and (3) the revesting of the property of the estate in the Debtors upon plan confirmation. The Plan was confirmed in an order entered on March 2, 2009. Debtors completed the Plan and received their discharge on March 12, 2014. However, Debtors did not file an adversary proceeding to void the junior lien of Chase. On April 11, 2014, Debtor's bankruptcy case was closed and the trustee was discharged.

On February 12, 2015, Debtors moved the court for an order reopening the case. On February 19, 2015, the court entered an order reopening the case. On February 23, 2015, Debtors filed a Motion to Void and Strip Lien of Chase ("Lien Avoidance Motion"). In that motion, Debtors requested the court value the Property at $550,000 and determine the deed of

---

[1] This order constitutes the court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052(a).

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-2-

trust held by Chase as wholly unsecured and void pursuant to § 506(a).³  The Lien Avoidance Motion was unopposed.  At the hearing on April 16, 2015, the court denied the Lien Avoidance Motion and made findings on the record.  As explained by the court, § 506(a) requires that valuation "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and *in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest*." 11 U.S.C. § 506(a) (emphasis added).  A review of the cases on this topic led the court to conclude that a motion filed after the plan had been completed and discharge had been entered is untimely because it was not made in conjunction with any hearing on the confirmation of the plan.  The court entered a written order denying the Lien Avoidance Motion ("Lien Avoidance Order") on April 21, 2015, and Debtors have appealed that order.

On May 6, 2015, Debtors filed this adversary proceeding.  In their Complaint to Determine Validity, Priority and Extent of Lien and for Declaratory Relief ("Complaint"), they seek a judgment that Chase's deed of trust is wholly unsecured and void pursuant to § 506(a).  Chase did not appear in the adversary proceeding, and Debtors obtained a Clerk's Entry of Default on July 15, 2015.  Debtors filed this Application under consideration now on July 28, 2015.

At a regularly scheduled Case Management Conference on July 30, 2015, the court noted that the Complaint in this case seeks the same relief that the court denied in the Lien Avoidance Order.  The court directed counsel to address whether the law of the case doctrine barred further consideration of the issue by way of a supplemental brief.

Debtors timely filed the supplemental brief but did not address the law of the case doctrine.  Debtors' brief instead discussed whether claim preclusion applied and whether the court had acted improperly by raising the issue of claim preclusion sua sponte.

---

³ On September 9, 2010, this district adopted the Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases, which permit a debtor to obtain a valuation of a secured creditor's claim by motion served upon the affected lienholder, instead of commencing an adversary proceeding.

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-3-

## II. DISCUSSION

The court must consider whether Plaintiffs are entitled to a default judgment even though Chase did not appear in this proceeding. The entry of a default does not entitle a plaintiff to judgment as a matter of right or as a matter of law. *In re Meyer*, 373 B.R. 84, 88 (B.A.P. 9th Cir. 2007)(citations omitted). "Settled precedent establishes that default judgment is a matter of discretion in which the court is entitled to consider, among other things, the merits of the substantive claim, the sufficiency of the complaint, the possibility of a dispute regarding material facts, whether the default was due to excusable neglect, and the 'strong policy' favoring decisions on the merits." *Id.,* at 88. If the plaintiff is not entitled to the relief requested, the court should not enter default judgment. *Id.,* at 89.

### A. Debtors Seek Same Relief as Lien Avoidance Motion

Debtors attempt to draw a distinction between valuing a lien by adversary proceeding and by motion, but this is a distinction that makes no difference. They contend the court denied the Lien Avoidance Motion as untimely and that this "procedural defect" is cured by the filing of an adversary proceeding "where the time barrier requiring lien stripping in conjunction with the plan is not a factor." *Brief in Support of Application for Entry of Judgment Voiding Lien,* p. 4:1. Debtors do not cite to any legal authority for that proposition.

The court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 and Chapter 13 cases ("Guidelines")[4] expressly permit the valuation of collateral and the stripping of liens through motion practice. That method is consistent with the practice in most courts. *See In re Millspaugh*, 302 B.R. 90, 97 (Bankr. D. Idaho 2003)(listing cases). The reason is simple: the stripping of the lien is based on a lack of equity and not a dispute pertaining to the validity, extent or priority of the lien, which might require an adversary proceeding under Rule 7001. *Id.,* at 97; *see also* 2D Bankr. Service L. Ed. § 24:563 (2015)(Debtors can proceed by motion to strip off wholly unsecured lien as long as debtors seek merely to strip off lien based on lack of equity to support it and do not otherwise contest validity, extent or priority of lien).

---

[4] *See* http://www.canb.uscourts.gov/procedure/guidelines-valuing-and-avoiding-liens-individual-chapter-11-cases-and-chapter-13-cases

Regardless of whether Debtors use a motion or an adversary proceeding, the substantive basis for relief remains the same: § 506(a). The statute requires, as the court noted in its oral findings at the hearing on the Lien Avoidance Motion, that valuation "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and *in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest*." 11 U.S.C. § 506(a) (emphasis added). Contrary to Debtors' argument, this is not a recent phenomenon that the court chooses to enforce. It is a statutory requirement. *See In re Eaton*, 2006 WL 6810924 (B.A.P. 9th Cir. 2006)("§ 506(a) instructs that a secured creditor's status be determined in a chapter 13 case in conjunction with either the disposition of the property, or the hearing on any plan affecting the creditor's interest."); *In re Wilkins*, 71 B.R. 665, 669 (Bankr. N.D. Ohio 1987); *see also* 8 COLLIER ON BANKRUPTCY § 1324.02[3] ("Valuation of collateral is often an important issue at the confirmation hearing, but courts vary widely in the procedure to be followed in raising the issue, with some courts requiring a separate proceeding to be filed."). Debtors fail to explain how the statute's requirement that the hearing take place in connection with confirmation is eliminated by the filing of an adversary proceeding.

### B. Law of the Case Doctrine

To understand whether Debtors are entitled to relief requires an analysis of the doctrine referred to as "law of the case." The law of the case doctrine precludes reconsideration of an issue that has already been decided by the same court, or a higher court, in the identical case. *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir. 1993). "For the doctrine to apply, the issue in question must have been decided either expressly or by necessary implication in [the] previous disposition." *Id.*, at 154 (internal quotation marks and citations omitted). The prior finding should be followed unless "[1] the evidence on a subsequent trial was substantially different, [2] controlling authority has since made a contrary decision of the law applicable to such issues, or [3] the decision was clearly erroneous and would work a manifest injustice." *Pit River Home and Agric. Coop. Ass'n v. United States,* 30 F.3d 1088, 1096-97 (9th Cir.1994) (quotation and citation omitted). The doctrine does not apply between separate actions. As rules that govern

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-5-

within a single case, the law-of-the-case doctrine does not involve preclusion by final judgment. 18B Federal Practice and Procedure § 4478 (2nd ed. 2015).

The court finds the doctrine applies here. Debtors argued in the supplemental brief that the court denied the Lien Avoidance Motion on procedural grounds and thus it was not a decision on the merits. Assuming this to be true, it meant that the Lien Avoidance Order is not a final order, which brings into play the law of the case doctrine. Before this proceeding commenced, Debtors moved to value the Property and avoid the lien of Chase pursuant to § 506(a) and the court denied that relief. As explained above, Debtors now seek the identical relief by way of this adversary proceeding. None of the exceptions to the law of the case doctrine applies. Debtors are relying on the same evidence, do not assert any change in controlling law, and do not allege the Lien Avoidance Order was clearly erroneous.[5] The court having denied Debtor's previous request for the identical relief, it is precluded by the law of the case from considering it again.

C. Appeal Divests This Court of Jurisdiction

Alternatively, even if the Lien Avoidance Order is considered a final order for which the law of the case doctrine is not applicable, the court lacks jurisdiction to enter default judgment. The timely filing of a notice of appeal to either a district court or BAP will typically divest a bankruptcy court of jurisdiction "over those aspects of the case involved in the appeal." *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The rule is designed to avoid the confusion and inefficiency of two courts

---

[5] Debtors have appealed the Lien Avoidance Order. Debtors do not argue that the Lien Avoidance Order was decided in error in this Adversary Proceeding. Instead, Debtors assert that the reason for the denial of the Lien Avoidance Motion – untimeliness – has been cured by the Adversary Proceeding.

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-6-

considering the same issues simultaneously. 20 Moore's Federal Practice § 303.32[1] (Matthew Bender 3d.).

This case is similar to *In re Bialac*, 694 F.2d 625 (9th Cir. 1982). In *Bialac*, the bankruptcy court granted relief from stay to a secured creditor so it could foreclose on a note. Both the Bankruptcy Appellate Panel ("BAP") and the Ninth Circuit denied debtor's request to stay the order pending appeal. Before the creditor could foreclose, debtor obtained an injunction from another bankruptcy judge restraining the sale. The Ninth Circuit affirmed the BAP's order vacating the injunction issued by the second bankruptcy court, concluding "[t]hat court lacked jurisdiction because the issues before it were the same as those presented at the trial for relief from the automatic stay. The only difference was that counsel was attempting to develop further the contention that ownership of the note was necessary to an effective reorganization. The pending appeal divested the lower court of jurisdiction to proceed further in the matter." *Id.*, at 627 (citations omitted).

In this case, the Complaint and Lien Avoidance Motion both expressly sought to value Chase's lien under § 506(a) and avoid the lien. Debtors appealed the court's decision denying the Lien Avoidance Motion. As discussed above, the issues in this proceeding are identical to those presented in the Lien Avoidance Motion. The only difference is that the issues are brought to the court's attention in an adversary proceeding instead of a motion. The substantive issues remain the same.[6] As made clear in *Bialac,* any action on this court's part which has the effect of divesting the appellate court of its jurisdiction over the matter, by eliminating the controversy prior to the hearing of the appeal, is inappropriate. Granting the relief herein would impermissibly void the Lien Avoidance Order because Debtors are seeking the same substantive relief under identical factual and legal premises in the appeal. The notice of appeal filed by Debtors divests this court of its jurisdiction to entertain a collateral attack on the Lien Avoidance Order.

---

[6] Any doubt that the issues here are the same as those presented on appeal is eliminated by a review of Debtors' appellate brief, which contains many of the same arguments made in the supplemental brief in support of the Application. *See* Fed. R. Evid. 201 (the court may take judicial notice of the appellate court's docket).

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-7-

## III. CONCLUSION

For these reasons, the court DENIES the Application for Entry of Judgment Voiding Lien.[7]

IT IS SO ORDERED.

**\*\*\* END OF ORDER \*\*\***

---

[7] The court makes no findings on the issues of claim preclusion or issue preclusion discussed in Debtors' supplemental brief because the court did not raise those issues, did not direct Debtors to brief them, and did not rely on them for this decision.

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT

-8-

**COURT SERVICE LIST**

[ECF Recipients Only]

ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT
-9-

Case: 15-05049    Doc# 12    Filed: 09/11/15    Entered: 09/14/15 07:20:59    Page 9 of 9